IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG GLOVER, | : | 1:17-cv-647 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| C & Z CONSTRUCTION | : | |
| SERVICES, LLC t/d/b/a C & Z | : | |
| CONSTRUCTON, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM & ORDER**

**August 2, 2017**

Presently pending before the Court is a motion to dismiss Counts I through VI of the Complaint filed by Defendants C & Z Construction Services, LLC. (the "Motion) (Doc. 11). Defendant filed the Motion on May 10, 2017, along with a brief in support on May 24, 2017. (Docs. 11, 12). Plaintiff Craig Glover filed a brief in opposition on June 21, 2017. (Doc. 15). Defendant did not file a brief in reply, and the time for filing has passed. *See* Local Rule 7.7. The Motion is therefore ripe for our review, and for the reasons that follow the Motion shall be granted, the Complaint dismissed, and Plaintiff granted leave to amend his complaint.

## I.    BACKGROUND & PROCEDURAL HISTORY

On April 11, 2017, Plaintiff commenced this action with the filing of a six count claim against Defendant. (Doc. 1). Count I claims violations of the Age Discrimination in Employment Act (ADEA); Count II claims violations of the Americans with Disabilities Act (ADA) 42 U.S.C. § 12112(b)(4); Count III brings a hostile work environment claim under Title VII; Count IV claims violations of the Pennsylvania Human Relations Act (PHRA); Count V claims violations of the Pennsylvania Wage Payment and Collection Law (WPCL) 43 Pa. Cons. Stat. Ann. § 260.3(a) *et. seq.*; Count VI brings a state law claim of conversion. The following facts are derived from his Complaint. As an initial matter, we note that Plaintiff's Complaint does not contain many facts from which the Court is able to understand a full picture of his allegations.

Plaintiff is a former employee of the Defendant and was born on February 9, 1961. (Doc. 1, ¶ 20, 22). Plaintiff worked for the Defendant in 1998 and then again from July 2007 until April 4, 2016. (*Id*., at ¶¶ 22-23). Plaintiff alleges that, during his time of employment, the Defendant's owner, Paul Carlavale, made offensive sexual comments and pejorative insults regarding female employees and his wife. (*Id*., at ¶ 24). In October 2015, Carlavale told Plaintiff that he had "hired a younger guy, because you are getting older." (*Id*., at ¶ 26). "Plaintiff's job description was

changed, duties were taken from him and he was forced to train younger and less experienced employees." (*Id*., at ¶ 27).

While Plaintiff does not actually describe how his job was changed, he alleges that Carlavale knew that Plaintiff had a son with special needs such that he could not be on call 24/7 and travel long distances, and then alleges that despite knowing of his special needs son, "Carlavale forced Plaintiff to accept such a position." (*Id*., at ¶¶ 27-30). We glean from these allegations, therefore, that Plaintiff's job was changed to include 24/7 on call duties and travel. Plaintiff next alleges "[u]pon information and belief, Carlavale gave Plaintiff the position because he knew Plaintiff could never accept it and he would have to resign as a consequence." (*Id*., at ¶ 31). Next, Plaintiff alleges that "[w]hen Plaintiff was constructively discharged, Carlavale called him and told him 'no matter how old you are, you always have a job with me.'" (*Id*., at ¶ 31). We glean from this that Plaintiff resigned when Carlavale told him of his changed job duties.

Plaintiff also alleges that Defendant gave him a 2008 Dodge Ram 3500 pick-up truck (the "truck") in 2009. (*Id*., at ¶ 34). The truck had Plaintiff's name on it and had lettering that stated "This truck was earned by Craig Glover, Job Supervisor, For Excellence in his Field." (*Id*., at ¶ 36). "After Carlavale demoted Plaintiff, he told Plaintiff he had to return the truck, which Plaintiff did reluctantly in or around January 2015." (*Id*., at ¶ 41).

Plaintiff alleges that on April 4, 2016, he was constructively discharged from his employment by Defendant. (Doc. 1 ¶ 23). Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") on June 13, 2016. (*Id.*, at ¶ 16a). The EEOC issued a Notice of Right to Sue on his charge on January 11, 2017, and Plaintiff timely filed this action pursuant to that Notice. (*Id.*, at 16b, 16c).

## II.     STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) declares that the complaint fails to state a claim upon which relief can be granted. *See* FED R. CIV. P. 12(b)(6). In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than a "sheer possibility." *Iqbal*, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later expounded upon and formalized in *Iqbal*, a district court must first identify all

factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a Rule 12(b)(6) motion to dismiss. *Iqbal*, 129 S. Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint - the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## III.   DISCUSSION

Defendant has moved to dismiss Counts I through VI of Plaintiff's Complaint for failure to state a claim. (Doc. 11). In his brief in opposition, Plaintiff indicates agreement to voluntarily withdraw Count VI for conversion. (Doc. 15, p. 1). As such, Count VI is dismissed. We will address the remaining counts in turn.

### A. Age Discrimination in Employment Act

In Count I of the Complaint, Plaintiff alleges a violation of the Age

Discrimination in Employment Act (ADEA). (Doc. 1). "To plead a claim of

discriminatory discharge under the ADEA, a plaintiff must allege that: (1) he was

over 40 years of age; (2) the defendant took an adverse employment action against

him; (3) he was qualified for the position which he held; and (4) he was replaced

by a person sufficiently younger to support an inference of discriminatory animus."

*Molisee v. Securitas Sec. Servs., USA, Inc.*, 2012 WL 13698, at *5 (W.D. Pa. Jan.

4, 2012) (*citing Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009)).

In the Complaint, Plaintiff sufficiently satisfied the first element by showing

that he was approximately fifty-five (55) years old at the time of the alleged

adverse employment action. (Doc. 1 ¶¶ 20, 23). Plaintiff satisfied the second

element by claiming that Defendant constructively terminated him on April 4,

2016.[1] (Doc. 1 ¶ 23).

Absent in the complaint, however, is any averment that Plaintiff was

qualified to hold the position he was constructively discharged from at the time of

his alleged constructive discharge in 2015. His claim that he had to train younger,

less experienced employees is not sufficient to imply that Plaintiff himself was

qualified. *Danielsen v. Pennsylvania Coll. of Tech.*, No. 4:13-CV-02927, 2014

WL 5088214, at *4 (M.D. Pa. Oct. 9, 2014) (Brann, J.).

---

[1] *See Colwell v. Rite Aid Corp.*, 602 F.3d 495, 503-504 (3d. Cir. 2010) (stating it was legally possible for a Plaintiff to recover under the ADEA on a claim of constructive discharge.)

Because Plaintiff did not allege that he was qualified for the position that he held, he failed to satisfy the requirements for pleading under the ADEA. The Court will therefore grant the Motion with regards to Count I and grant Plaintiff leave to amend his Complaint.

**B. Association Discrimination - Americans with Disabilities Act**

In Count II of the Complaint, Plaintiff alleges a violation of the "association provision" of the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(4). In order for a Plaintiff to establish a *prima facie* case for association discrimination under the ADA, he must show that: "(1) he was 'qualified' at the time of the adverse employment action; (2) he was subject to an adverse employment action; (3) at the time of the adverse employment action, the plaintiff was known by his employer to have a relative or an associate with a disability; and (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision." *Barthalow v. David H. Martin Excavating, Inc.,* 2007 WL 2207897, at \*3 (M.D. Pa. July 30, 2007) (Rambo, J.) Defendant argues that Count II must fail because Plaintiff has failed to "demonstrate even a scintilla of evidence that there is a causal relation" between his association with a person with disabilities and his adverse employment action. (Doc. 11, ¶¶ 30, 31).

Importantly, "a complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss; however, the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim." *Huggard v. Crown Bank, No.*, 2012 WL 529548, at *4 (D.N.J. Feb. 17, 2012) (internal quotes omitted). As discussed in relation to Plaintiff's ADEA claim, Plaintiff has not alleged that he was qualified for his position at the time of the adverse employment action. Because this is an essential element for an association discrimination claim as well, Count II will similarly be dismissed and Plaintiff granted leave to amend.[2]

### C. Title VII Hostile Work Environment

In Count III of the Complaint, Plaintiff alleges that Defendant subjected him to a continually hostile work environment, and therefore brings action under Title VII. (Doc.1 ¶ 24) In order to succeed on a hostile work environment claim, a Plaintiff must show: "1) the employee suffered intentional discrimination because of his/her sex, 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability." *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 167 (3d. Cir.

---

[2] While we base our decision to dismiss Count II on Plaintiff's failure to plead his qualification for his job, we also note that a review of the Complaint reflects a lack of facts necessary to causally connect Plaintiff's association with his disabled son with his alleged adverse employment action. We urge Plaintiff to consider this should he choose to amend his Complaint.

2013). The plaintiff "need not establish a prima facie case in order to survive a motion to dismiss," but must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016). The following is the only factual allegation relating to a hostile work environment:

> Plaintiff's constructive discharge was, in part, due to continually hostile work environment which included, but was not limited to, offensive sexual comments and pejorative insults by Defendant's owner, Paul Carlavale, regarding female employees and even his wife.

(Doc. 1, ¶ 24). Plaintiff then recited the elements of a hostile work environment claim in Count III. (*Id.*, at ¶ 50). Certainly, this one vague factual allegation is insufficient to survive the pleading standards of *Twombly* and raise a reasonable expectation that discovery will uncover proof of his claims. Therefore, we shall dismiss Count III and again grant leave to amend.

**D. Pennsylvania Human Relations Act ("PHRA")**

In Count IV of the Complaint, Plaintiff alleges that Defendant violated the Pennsylvania Human Relations Act. (Doc. 1). Noticeably absent in the Complaint is any reference to relevant Pennsylvania Code. Count IV contains only one pertinent statement: "Defendant violated the PHRA by its discriminatory actions against Plaintiff." (Doc. 1, ¶ 53). This is a legal conclusion that does not state a claim upon which relief can be granted. To the extent that Plaintiff intends to incorporate the PHRA equivalents of his ADEA and Title VII claims into Count

IV, we note that the legal standards applicable are identical and thus Plaintiff's

PHRA claim equivalents are dismissed along with his ADEA[3] and Title VII

claims.[4] Accordingly, we shall grant the Motion with regards to Count IV.

### E. Pennsylvania Wage Payment and Collection Law

In Count V of the Complaint, Plaintiff alleges that Defendant violated the

Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260. ("WPCL").

Specifically, Plaintiff states that Defendant took possession of Plaintiff's truck,

which was a form of remuneration cognizable under the WPCL. (Doc. 1, ¶ 58).

Defendant contends that the Plaintiff's usage of a company truck does not amount

to a payment or wage under the WPCL. (Doc. 11 ¶ 42). Additionally, Defendant

states that the Plaintiff failed to claim the existence of a contract that named the

truck as a form of payment. (*Id.* at ¶ 43). These two issues, Defendant argues,

necessitate the failure of Plaintiff's WPCL claim as a matter of law. (*Id.* at ¶ 44).

Under the WPCL, "wages" include "fringe benefits or wage supplements",

defined as "all monetary employer payments to provide benefits **under any**

**employee benefit plan**, as defined in section 3(3) of the Employee Retirement

Income Security Act ...; as well as separation, vacation, holiday, or guaranteed pay;

---

[3] "The same legal standard applies to both the ADEA and the PHRA and therefore it is proper to address them collectively." *See Ptasznik v. Univ. of Pennsylvania*, 523 Fed. Appx. 156 n.3 (3d. Cir. 2013) (quoting *Kautz v. Met-Pro Corp.,* 412 F.3d 463, 466 n.1 (3d Cir. 2005).
[4] "The proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably." *Huston v. P&G Paper Prods. Corp.*, 568 F.3d 100, n.2 (3d. Cir. 2009).

reimbursement for expenses; union dues withheld from the employees' pay by the employer; and any other amount to be paid **pursuant to an agreement** to the employee, a third party or fund for the benefit of employees." 43 P.S. § 260.2a (emphasis added).

The WPCL "does not create an employee's substantive right to compensation; rather, it only establishes an employee's right to enforce payment of wages and compensation to which an employee is otherwise entitled by the terms of an agreement." *Banks Engineering Co., Inc. v. Polons*, 697 A.2d 1020, 1024 (Pa.Super.1997). "To present a wage-payment claim, the employee must aver a contractual entitlement to compensation from wages and a failure to pay that compensation." *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 954 (Pa. Super. 2011) (internal quotation omitted). The Pennsylvania Superior Court upheld the reasoning in *Braun*, reaffirming the need for a plaintiff to aver the existence of a contractual agreement in order to present a WPCL claim. *See Baron v. Quad Three Grp., Inc.*, 2013 WL 3822134, at *5 (Pa. Super. Ct. 2013).

In the present action, the Plaintiff has failed to aver that his right to the truck is pursuant to an agreement between himself and the Defendant, either through a written or oral contract, such that he is entitled to it under the WPCL. Rather, Plaintiff characterizes the truck as a gift from Carlavale. (Doc. 1, ¶ 40). As such, we will grant the motion with respect to Count V.

## IV. CONCLUSION

Plaintiff's Complaint is insufficient to state a claim under Counts I through V, and Plaintiff has voluntarily dismissed Count VI. We shall therefore grant the Defendant's motion to dismiss for failure to state a claim in its entirety and offer Plaintiff leave to amend the Complaint.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Defendant's motion to dismiss (Doc. 11) is **GRANTED** in its entirety.

2.  The Plaintiff is **GRANTED LEAVE** to amend his complaint. An amended complaint shall be filed within twenty (20) days of the date of this Order.

s/ John E. Jones III
John E. Jones III
United States District Judge
